**Exhibit 8**
**Affidavit of Facts of Elizabeth Zink-Pearson**

## AFFIDAVIT OF FACTS

STATE OF OHIO         )
                      ) SS:
COUNTY OF HAMILTON    )

The undersigned, Elizabeth Zink-Pearson ("Affiant"), being first duly sworn and cautioned states as follows:

1. I, Elizabeth Zink-Pearson, reside at 3013 Bernard Dr., Edgewood, Ky. 41017.

2. The facts contained in this Affidavit are of my own personal knowledge. I am competent to testify in open court as to the facts contained in this Affidavit.

3. I am currently an attorney focusing in health law, licensed to practice in the states of Kentucky, Ohio and Indiana, and since 2008, have taught as an adjunct Professor for Health Law at Salmon P. Chase College of Law at Northern Kentucky University.

4. I provide legal services to various post-acute health care providers throughout the State of Ohio.

5. In 2014, I learned of the organization of the OhioHealth Skilled Nursing Facility Continuing Care Network ("OhioHealth SNF Network") which consists of an exclusive referral relationship between OhioHealth and the sixteen (16) skilled nursing facilities it selected to participate ("CCN SNFs") There are greater than fifty (50) skilled nursing facilities in the greater Columbus, Ohio area that provide post-acute care inpatient services.

6. As a condition to participation in the OhioHealth SNF Network, participating SNF's must provide OhioHealth preferred availability of beds for OhioHealth discharging Medicare patients, expedited admission of such patients with 2 hours' notice, utilization of OhioHealth physicians, specific data monitoring and reporting on OhioHealth patients only, facilitating post-acute physician appointments, and similar services not otherwise required by law or regulation.

7. OhioHealth provided the CCN SNFs with a list of its expectations – one such "expectation" being that the skilled nursing facilities "integrate" with the Ohio Health Care Continuum of OhioHealth's "service lines" which include physician services, the OhioHealth Hospice, and OhioHealth Home Care.

8. Other stated expectations for participating CCN SNFs include maximum lengths of stays in the facilities that appear designed to facilitate referrals to the post-acute in-

1

home care providers and the "presence" of Ohio Health physicians at the facilities and/or as physician medical directors for the facilities who must order the in-home services for patients discharged from the facilities.

9. Prior to the organization of the OhioHealth SNF Network, several of my clients operating in Columbus, Ohio had long received referrals from the CCN SNFs. Since the organization of the OhioHealth SNF Network, referrals from the CCN SNFs have ceased and many of my clients have been damaged as a result.

10. I have learned that my clients' current inability to obtain referrals from at least two (2) of the CCN SNFs is a direct result of the CCN SNFs' admitted need to comply with OhioHealth's documented expectations – specifically, that CCN SNFs refer all patients to OhioHealth's home health or hospice.

11. I have learned that the CCN SNFs are contractually bound to satisfy OhioHealth's expectations including referrals to OhioHealth's home health and hospice "service lines." Pursuant to the Provider Handbook, any failure to comply with OhioHealth's quality requirements and expectations permits OhioHealth to terminate the CCN SNF without cause upon thirty (30) days written notice from OhioHealth.

12. Based upon all I have learned, I believe the OhioHealth SNF Network operates as an exclusive cross-referral network and the participating CCN SNF's are providing extraordinary preferential benefits to OhioHealth and its patients in exchange for this exclusive referral relationship.

FURTHER AFFIANT SAYETH NAUGHT.

_____
Elizabeth Zink-Pearson

I hereby certify that the forgoing Affidavit was subscribed and sworn to me in person by Elizabeth Zink-Pearson, on behalf of herself, before me, a notary public on this  10th day of April, 2015.

_____
Notary Public

2